New Jersey Department of Labor,
Workmen's Compensation Bureau.

FRED BLEVIS, PETITIONER, v. HAY FOUNDRY AND IRON
WORKS, RESPONDENT.

For the petitioner, *Meyer M. Semel.*

For the respondent, *Richard W. Baker.*

\*          \*          \*          \*          \*          \*          \*

On behalf of the petitioner Doctors Horland and Kessler were called to testify and in addition the petitioner took the stand in his own behalf. On behalf of the respondent Doctors McCauley, Ruoff and Griffith were called to testify and the case resolved itself into one where it was admitted that the petitioner received an injury by accident arising out of and in the course of his employment with the respondent on February 27th, 1928, and that his wages were $25.20 per week. It was further agreed that the injury received by the petitioner on that date was a fracture of one rib which was treated at the New Jersey Manufacturers' Association Hospitals, Incorporated, by Dr. Griffith. The question was as to the extent of temporary disability and whether or not there was any permanent disability as a result of the fractured rib and also as the result of the exacerbation of the psoriasis from which the petitioner is suffering.

In regard to the temporary, the petitioner testified that he returned to work within a period of five to six weeks after the accident, and accordingly I find on the question of tem-

porary disability that the petitioner was unable to work for a period of six weeks and is therefore entitled to five (5) weeks' compensation for temporary disability at the rate of sixteen dollars and eighty ($16.80) cents per week.

In regard to the question of permanent disability I find that Dr. Kessler, testifying for the petitioner, found there was no permanent disability as a result of the fractured rib and this was corroborated by Dr. Griffith and Dr. Ruoff for the respondent, although Dr. Horland for the petitioner testified that there was five (5%) per cent. of partial total permanent disability. Therefore, I find as a result of the rib injury itself that there is no permanent disability.

In relation to the psoriasis, I find that the petitioner admittedly was suffering from the psoriasis during the time he was in the army a little over ten years ago, but he claimed that after leaving the army and receiving several months' treatment, the psoriasis cleared up and he claims that he has not been troubled with it since. The respondent's testimony seemed to be to the effect that the underlying condition of psoriasis, which could not have been caused by an accident, could be inflamed so as to cause an exacerbation as a result of striking the rib causing the rib injury. I find that the petitioner is suffering from a condition of psoriasis at the present time, but I further find from Dr. Griffith's testimony, who is the attending physician, that the only aggravation of the underlying condition of psoriasis was directly under where the adhesive tape was placed, whereas he also found marks of psoriasis on his arms and other parts of his body which he says were not caused by the fracture of the rib. Dr. Kessler, for the petitioner, testified that he would have granted an award of ten (10%) per cent. partial total disability, but admitted that he could not state whether or not the exacerbation of the psoriasis was a permanent condition. Dr. Horland likewise stated that he could not say whether the exacerbation was a permanent condition, but if the underlying psoriasis was a permanent condition he felt that the exacerbation should be classed as a permanent disability also, and that the petitioner should be entitled to ten (10%) per cent. of

partial total permanent disability for this. On the other hand, Dr. Griffith stated that in the nature of things the exacerbation was only a temporary condition and that the only exacerbation found was in the one locality whereas the psoriasis had been found in other parts of the anatomy as well. Dr. Ruoff stated that he thought the exacerbation was only temporary although the condition of psoriasis was probably permanent. Dr. McCaulay, who was the only skin specialist among the physicians, stated that the exacerbation was only a temporary condition although he could not state how long it would take to clear up, as it might do so over night or take some time to clear up. He went on to say, however, that he did not consider this a serious case and the petitioner himself stated that the psoriasis did not prevent him from working and also the doctors testified that the petitioner could work with the condition of psoriasis that he had. In fact, the doctors of the respondent were fairly clear in stating that the psoriasis did not cause any permanent disability within the terms of the Compensation law of this state, and Dr. McCaulay in particular was certain of this fact in this particular case.

Accordingly, after carefully reviewing all the facts in this case, I find and determine that the petitioner has failed to sustain the burden of proving that he is suffering from any permanent disability in this case and therefore I find that he is not entitled to an award for permanent disability.

Accordingly, I hereby order that the respondent pay to the petitioner five (5) weeks' compensation for temporary disability at the rate of sixteen dollars and eighty ($16.80) cents per week. I further find that the petitioner has failed to sustain the burden of proving that he is suffering from any permanent disability and accordingly I award no costs and no attorney's fee to the petitioner.

HARRY J. GOAS,
*Deputy Commissioner.*